# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **L.C.**

**No. 17-0639** (Ohio County 16-CJA-108)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother K.K., by counsel Gerasimos Sklavounakis, appeals the Circuit Court of Ohio County's June 22, 2017, order terminating her parental rights to L.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Joseph J. Moses, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to grant her a post-dispositional improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that the child was born affected by drugs due to petitioner's use of Subutex. After the child was born, the DHHR opened a case and monitored petitioner and the child. The abuse and neglect petition also alleged that petitioner had a history of drug use and recent failed drug screens. The petition further alleged that in July of 2016, petitioner was arrested and charged with child endangerment and related drug offenses, after she took the child with her to buy drugs and left him in the care of her drug dealer while she ate at a restaurant.

In October of 2016, the circuit court held an adjudicatory hearing. Petitioner did not appear at the hearing, but was represented by counsel. After hearing evidence from the DHHR, the circuit court left the record open for ten days in order for petitioner to present testimony or make a stipulation as to the allegations in the petition. However, petitioner did not present any such testimony or stipulation. In November of 2016, the circuit court entered an order

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

adjudicating petitioner as an abusing parent due to the fact that her drug abuse negatively affected her parenting skills and judgment. The circuit court specifically found that petitioner had an extensive history of abuse of heroin and other drugs, as well as untreated mental health issues. The circuit court further found that the child was born affected by drugs and that petitioner exposed him to danger by bringing him to a drug transaction and leaving him in the care of a drug dealer. In January of 2017, petitioner filed a motion for a post-adjudicatory improvement period, which the circuit court granted.

In April of 2017, the circuit court held a status hearing regarding petitioner's post-adjudicatory improvement period. Petitioner did not appear for this hearing, and no good cause was offered for her absence; however, she was represented by counsel. According to the DHHR, petitioner was not compliant with the terms of the improvement period in that she continued to abuse drugs, failed to comply with treatment or attend drug screens, and failed to cooperate and maintain contact with the DHHR. Further, treatment records showed that petitioner admitted to having been shot during a drug deal and having prostituted herself for drugs during the proceedings. Additionally, petitioner admitted to treatment staff that she was currently using heroin and cocaine, which she also screened positive for, and injection marks were found on her chest. Finally, it was reported that petitioner started, but failed to complete three different treatment programs. At the conclusion of the status hearing, the circuit court suspended petitioner's post-adjudicatory improvement period and scheduled the matter for disposition.

In May of 2017, the circuit court held a dispositional hearing at which petitioner moved for the circuit court to continue her post-adjudicatory improvement period. The DHHR presented evidence that since the April of 2017 status hearing, petitioner continued to test positive for drugs and, despite multiple attempts, failed to complete any treatment program. Petitioner testified that she was controlling her addiction and was enrolled in a drug treatment program in Wheeling, West Virginia. After the hearing, the circuit court allowed the record to remain open in order for petitioner's treatment records could be submitted for consideration. The records indicated petitioner was receiving treatment, and also indicated that she continued to abuse drugs. The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the best interests of the child require termination of petitioner's parental rights. Ultimately, the circuit court terminated petitioner's post-adjudicatory improvement period as well as her parental rights in its June 22, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

---

[2]In addition to the termination of petitioner's parental rights, the parental rights of the father of L.C. were also terminated below. According to the guardian, the child is currently placed with his maternal grandparents with a permanency plan of adoption in that home.

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings below.

First, petitioner argues that the circuit court erred in failing to grant her a post-dispositional improvement period.[3] West Virginia Code § 49-4-610(3)(B) provides that in order to be granted a post-dispositional improvement period, the parent must "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" Additionally, under West Virginia Code § 49-4-610(3)(D), if a parent has experienced a substantial change in circumstances since the initial improvement period, the parent "shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period."

Here, the record on appeal shows that petitioner was not compliant with her post-adjudicatory improvement period. Throughout her improvement period, petitioner continued to abuse drugs, failed to comply with treatment, failed to attend drug screens, and failed to cooperate and maintain contact with the DHHR. Further, during her improvement period, petitioner started, but failed to complete three different treatment programs. Petitioner further argues that her enrollment in a drug treatment program beginning in April of 2017 was a "significant change in circumstances to warrant an additional improvement period." However, the records from the treatment facility indicate that petitioner continued to abuse drugs. Petitioner did not offer any evidence to demonstrate that her enrollment in this most recent drug treatment program would cause her to be likely to fully participate in a post-dispositional improvement period. Based on this evidence, petitioner failed to fully comply with the terms of her post-adjudicatory improvement period, failed to demonstrate by clear and convincing evidence that she would be likely to fully participate in a post-dispositional improvement period, and failed to demonstrate that a change in circumstances would cause her to be likely to fully participate in a post-dispositional improvement period. Therefore, the circuit court did not err in failing to grant petitioner a post-dispositional improvement period and she is entitled to no relief in this regard.

Petitioner also argues that the circuit court erred in terminating her parental rights. Petitioner asserts that she was addressing her drug addiction issues and was engaged in an

---

[3]Petitioner's assignment of error states that the circuit court erred in terminating her post-adjudicatory improvement period. However, her argument in support of this assignment of error only addresses the circuit court's failure to grant her a post-dispositional improvement period. Accordingly, we will address only the latter argument on appeal.

effective drug treatment program in a drug treatment program in Wheeling, West Virginia, and therefore, her parental rights should be reinstated. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

As discussed above, petitioner has a history of drug abuse, continued to abuse drugs throughout her improvement period and when she was in treatment, and did not comply with the other terms of the improvement period. Petitioner failed to complete any drug treatment program during the proceedings. The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the best interests of the child require termination of petitioner's parental rights. As previously stated, pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 22, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker